UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
UNITED STATES OF AMERICA,                          :
                                                   :
                                   Plaintiff,      :
                                                   :        06 Cr. 312 (HB)
                        - against -                :
                                                   :        <u>OPINION & ORDER</u>
RALPH JOSEPH SCOTTO,                                :
                                                   :
                                   Defendant.      :
-----------------------------------------------------------------------x

Hon. HAROLD BAER, JR., District Judge:

  Ralph Joseph Scotto ("Scotto" or "Defendant") was indicted on April 5, 2006 on one

count of tax evasion and 28 counts of aiding and assisting in the preparation of false payroll tax

returns.  Defendant filed a pre-trial motion that seeks dismissal only of Count One – evasion of

payment of payroll taxes, 26 U.S.C. § 7201.  The Defendant contends the charge is 1) barred by

the statute of limitations, 2) was the product of unnecessary delay in presentation to the grand

jury, 3) facially insufficient because Scotto is charged with taxes for which he is not personally

liable, and 4) that pursuant to the Federal Rule of Criminal Procedure 7(d), the surplusage must

be stricken.  For the reasons set forth below, the motion is DENIED.

<h2 style="text-align:center">I.  BACKGROUND</h2>

  The Indictment alleges that the Defendant was owner and operator of several now

defunct restaurants, among them Waterset Enterprises, Inc. ("Waterset"), d/b/a "Harbor Club

Restaurant," and R3A6 ("R3A6"), d/b/a "Sasha Delicatessen."  The Government charges that as

owner and operator of these restaurants, Scotto was required to pay the IRS payroll taxes

withheld from the employees' salaries and that he failed to do so.  As a result, by in or about

September 1985, Waterset owed the IRS approximately $43,423.23 and by in or about June

1990, R3A6 owed the IRS approximately $21,403.29 in payroll taxes.  Since Scotto was an

individual responsible to pay over these monies to the IRS, he was personally assessed for the

Waterset and R3A6 unpaid payroll taxes on or about December 23, 1991 and March 25, 1992,

respectively.  The Indictment alleges that Scotto chose to evade payment of this IRS debt by

concealment and attempted concealment of substantial income and other assets.  The acts of

concealment included, *inter alia*, failure to file federal, state, and local individual income tax

1

returns for the tax years 1998, 1999, and 2000 as well as the payment of his personal expenses by cash, money orders, and checks from the businesses.

## II.      DISCUSSION

*A. Statute of Limitations*

      The Defendant argues that Count One of the Indictment must be dismissed as untimely since Scotto is charged with evading taxes that were assessed over a decade ago and the civil statute of limitations for collection of those debts has expired.  I disagree.

      Scotto is charged with tax evasion pursuant to 26 U.S.C. § 7201.  The section provides that

> Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

All agree that the applicable statute of limitations for a charge of tax evasion is six years.  26 U.S.C. § 6531 provides, in relevant part, that

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is found or the information instituted within 3 years next after the commission of the offense, except that the period of limitation shall be 6 years—
>
> . . .
>
> (2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof.

The Defendant argues that any tax evasion ended when the corporate entities, Waterset and R3A6, went out of business in 1985 and 1990, respectively.  In the alternative, the Defendant argues that this criminal prosecution is time-barred because the civil statute of limitations that governed collection of these taxes ended over six years ago – an argument for which Scotto fails to provide any support in the law, nor have I been able to find any.

      The Government contends that Scotto engaged in a course of conduct to evade payment of taxes through 2002, well within the statute of limitations.  The Indictment was filed on April 5, 2006.  For Count One to be timely, the Indictment must charge Scotto with crimes that occurred on or after April 5, 2001.  The Indictment alleges the following acts of tax evasion

occurred after April 5, 2001.

1. For various tax years between 1996 through 2002, Scotto failed to file U.S. Corporate Income Tax Returns for approximately twelve of the approximately sixteen corporations he owned and controlled.

2. From on or about January 7, 1999, through on or about September 23, 2002, Scotto paid a total of approximately $16,033.73 in money orders for monthly utility bills for his weekend home at 2107 Samsonville Road, Olive, New York.

3. From on about August 7, 1997, to on or about July 19, 2002, Scotto paid Madison Square Garden approximately $119,942 for additional Knicks basketball tickets by means of money orders and further business checks.

4. From in or about 1997 to in or about 2002, Scotto paid approximately $67,702 for season and post-season tickets to New York Yankees baseball games by means of money orders and business checks drawn on 700 Bakery, Ltd., and Leasco.com, Inc., among other companies.

5. From on or about January 6, 1997, to on or about October 10, 2001, Scotto made a total of approximately $112,835.48 in alimony and child support payments by means of cash or payroll checks he caused to be issued to himself by Jerral [restaurant owned by Defendant] and Jeal [same].

Indictment at ¶¶ 9, 12(c), (e), (h), (j).

This Circuit has held that if an evasive act, e.g. concealment of assets, occurs within the statute of limitations, the case is timely, even if the taxes at issue were due and payable at a prior time. See, e.g., U.S. v. Feldman, 731 F.Supp. 1189, 1194 (S.D.N.Y. 1990). See also U.S. v. DiPetto, 936 F.2d 96, 98 (2d Cir. 1991). Here, the Government alleges that it can prove Scotto engaged in a course of conduct to evade payment of taxes for which he was responsible, and that some of those acts fell within the applicable statute of limitations. Thus, Count One is not time-barred.

*B. Unnecessary Delay in Presentation to the Grand Jury*

Federal Rule of Criminal Procedure 48(b) allows courts to dismiss an indictment if "unnecessary delay occurs in presenting the charge to a grand jury." As pointed out by both parties, this remedy is only granted in extraordinary circumstances. The Second Circuit has held that the defendant must show that there has been "actual prejudice to [their] right to a fair trial and unjustifiable Government conduct." United States v. Elsbery, 602 F.2d 1054, 1059 (2d Cir. 1979) (internal citation omitted). Here, in addition, the defendant must "overcome the

presumption of legitimacy that attaches to an indictment brought within the applicable statute of limitations period." <u>Beverly v. Walker</u>, 899 F.Supp. 900, 909 (N.D.N.Y. 1995) (internal citation omitted). The Defendant has not made that showing here.

While one must be concerned at the amount of time that passed before the Justice Department brought the matter here and it was presented to a grand jury, this is unfortunately not atypical, at least in my experience, of the pace traveled by tax evasion cases. While the Defendant argues that the Government does not have a valid reason for filing the Indictment over a decade after the payroll taxes were assessed, he fails to demonstrate that the Government actually had the goods on the Defendant any earlier. In fact, the delay is more likely than not a by-product of the intricacy and the complexity that surrounded the collection of evidence rather than intentional neglect by the Government.

Further, the Defendant has not produced any evidence that he has or will be prejudiced by this delay, a hard row to hoe in any event. <u>U.S. v. Castellano</u>, 610 F.Supp. 1359, 1386 (S.D.N.Y. 1985) (citing <u>Elsbery</u>, 602 F.2d at 1059) (finding that "the passage of time, and the attendant loss of evidence and dimming of witness' memories, is insufficient by itself to show prejudice."). Thus, for the reasons above, this branch of the Defendant's motion must fail.

*C. Personal Liability*

The Defendant contends that Count One of the Indictment is facially insufficient because the Statutory Allegation in Count One charges him with the evasion of payroll taxes which he did not owe. Paragraph 15 of the Indictment, entitled "Statutory Allegation," provides that

> From in or about December 1991, through the date of the filing of this Indictment, in the Southern District of New York, RALPH JOSEPH SCOTTO, the defendant, unlawfully, willfully, and knowingly did attempt to evade and defeat the payment of the payroll tax due and owing by SCOTTO to the United States of America for in or about April 1985 through in or about September 1985, with respect to Waterset Enterprises, Inc., d/b/a "Harbor Club Restaurant," and, from in or about July 1988 through in or about June 1990, with respect to R3A6 Corp., d/b/a "Sasha Delicatessen," by various means, including, among other things, concealing and attempting to conceal from the IRS the nature and extent of his income and assets by: (a) refraining from using personal bank accounts; (b) failing to file individual and corporate income tax returns; (c) paying personal expenses by means of cash, money orders, and business checks; (d) holding property in nominee names; (e) obtaining loans in corporate and nominee names; and (f) satisfying those loans with cash.

This Paragraph tracks the language of 26 U.S.C. § 7201, the tax evasion statute under which Scotto is charged. The Defendant argues that the Government's failure to use the words "Trust Fund Recovery Penalty" in this paragraph, in lieu of payroll tax, is fatal to the Indictment. I disagree.

Neither party disputes that Scotto was the owner and operator of the Waterset and R3A6 restaurants. The Indictment explains that Scotto, pursuant to 26 USC § 6672(a), is a person responsible for the unpaid payroll taxes of these two corporate entities. Section 6672(a) provides, in relevant part, that

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

It is pursuant to this provision that the Government contends that Scotto is personally liable for the unpaid payroll taxes, referred to as Trust Fund Recovery Penalties[1] in the Indictment. Trust Fund Recovery Penalties are not penalties in the normal sense of the word, they are instead "merely a tax collection device . . . a means of assuring payment of withholding taxes by shifting the responsibility for payment from the corporation to the corporate official responsible for any non-payment." U.S. v. Pridgen, 403 F.Supp. 1109, 1110 (S.D.N.Y. 1975) (citing Botta v. Scanlon, 314 F.2d 392 (2d Cir. 1963)).

Rather than directly addressing this issue, Scotto argues that since he was not an employer at either Waterset or R3A6, he never owed payroll taxes to the IRS and thus cannot be charged with evading taxes for which he was never responsible. Although it may be true that Scotto was not an employer at these establishments, Scotto is charged as a responsible person pursuant to Section 6672, not as an employer pursuant to Section 3403. It is well-established, as

---

[1] As explained in the IRS Code,
> Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose. 26 U.S.C. § 7501(a).

both parties point out, that the liability imposed on individuals under Section 6672 is separate and distinct from the liability imposed on the employer under Section 3403.  Datlof v. U.S., 370 F.2d 655, 656 (3rd Cir. 1966).  Since this Indictment is brought only pursuant to Section 6672, Scotto's argument is unavailing.[2]

Notably, Scotto does not deny, nor could he, that he was properly assessed the Trust Fund Recovery Penalty for both Waterset and R3A6 as a responsible person under 26 U.S.C. § 6672. Instead, Scotto stretches the language of Section 6672 to conclude that the Trust Fund Recovery Penalty is not the same as the payroll taxes he is charged with evading in Count One, and thus, the Indictment is defective and must be dismissed.  He argues that the Trust Fund Recovery Penalty is in addition to and separate from payroll taxes.  To support this argument, he quotes the portion of Section 6672 that directs that a responsible person "*shall, in addition to other penalties provided by law*, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." (emphasis in Defendant's motion).

While the argument provides a dollop of creative thinking, it mischaracterizes the language of the IRS Code.  The language of the Code is clear – it provides that Trust Fund Recovery Penalties are equivalent to payroll taxes.  Section 6671(a) provides, in relevant part, that

> The penalties and liabilities provided by this subchapter . . . shall be assessed and collected in the same manner as taxes.  Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

26 U.S.C.A. § 6671(a); See also Michael Saltzman, *IRS Practice and Procedure* at ¶ 17.06 (2006) (stating that because the penalty in 26 U.S.C. § 6672 "is equal to the amount of the tax that was required to be collected and paid over, the penalty has been called the 100 percent penalty.  It also is called the trust fund recovery penalty, because the taxes referred to are taxes the withholding agent is required to hold in trust for the Service.").  Consequently, the term "Trust Fund Recovery Penalty" is interchangeable with the language "payroll tax" charged in Count One of the Indictment and the Indictment is not facially insufficient for the Government's failure to use the term Trust Fund Recovery Penalty in Paragraph 15, especially since the term was used, and defined, elsewhere in the Indictment.

---

[2] Further, based on the argument that Scotto was never responsible for payment of payroll taxes, the Defendant also alleges that Count One violates the due process clause because the grand jury was "undoubtedly provided with legal instructions which were incorrect."  Def. Mem. Of Law in Support of PreTrial Motions at 6.  Since I find this argument unavailing, I will not dismiss the Indictment on this ground.

Further, even though the Government refers to payroll taxes numerous times in the Indictment, rather than the term Trust Fund Recovery Penalty, the Indictment satisfies the minimal pleading standards demanded by the Federal Rule of Criminal Procedure 7(c).  In fact, the Second Circuit has held that "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime."  U.S. v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (internal citation omitted).  Not only did the Government track the language of 26 U.S.C. § 7201 in the paragraph entitled "Statutory Allegation," further detail on the nature of the charge was supplied to the Defendant throughout the rest of the Indictment.

Scotto was provided with a "plain, concise, and definite written statement of the essential facts constituting the offense charged."  FED. R. CRIM. P. (7)(c).  Count One clearly states that Scotto is charged with evasion of payroll taxes for which he was personally liable as a "'person required to collect, truthfully account for, and pay over any tax imposed' by the Internal Revenue Code."  Indictment at ¶ 4.  Further, and for our purposes, more importantly, Count One informs the Defendant that the unpaid payroll taxes for which he was responsible here are also known as a Trust Fund Recovery Penalty.

> On or about December 23, 1991, the IRS assessed SCOTTO personally, as a "person required to collect, truthfully account for, and pay over any tax imposed" by the Internal Review Code, 26 U.S.C. § 6672(a), approximately $32,428.98 for unpaid payroll taxes withheld from employees of Waterset, an amount known as a Trust Fund Recovery Penalty.

Id.  Further, Count One unambiguously asserts in Paragraph 6 that Scotto was charged with evading payment of Trust Fund Recovery Penalties, which resulted from the unpaid payroll taxes of Waterset and R3A6.

> As of the date of the filing of this Indictment, RALPH JOSEPH SCOTTO has `evaded payment of Trust Fund Recovery Penalties totaling approximately $49,663.24 for payroll taxes withheld from employees of Waterset and R3A6 for payment on their behalf to the IRS.

Indictment at ¶ 6.  In short, Scotto cannot successfully claim that the Indictment does not charge him with evasion of the Trust Fund Recovery Penalty because the term payroll tax was used in lieu of Trust Fund Recovery Penalty in the final paragraph of Count One.

The Second Circuit's decision in U.S. v. Hernandez, 980 F.2d 868 (2d Cir. 1992), is also

helpful here.  There, the Court found that a narcotics conspiracy count was not defective (and thus was not dismissed) despite the failure to include the necessary allegation "with intent to distribute," because reading the indictment in its entirety – the count caption, the large quantity of the cocaine alleged, and a citation to the statute the defendant allegedly violated – gave the defendant adequate notice of the crimes with which he was charged.  Id. at 871.  Similarly here, the statutory definition of the term at issue, Trust Fund Recovery Penalty, along with the information provided by the Government in the Indictment itself, was more than sufficient to put the Defendant on notice of the offense with which he was charged.  See, e.g., Alfonso, 143 F.3d at 776 (where we read that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend.") (internal citation and quotation omitted).  Scotto's claim that Count One, after reading it in its entirety, would lead one to believe that he was being charged with evading payroll taxes, which were never assessed against him, rather than Trust Fund Recovery Penalties, which were assessed against him personally, stretches credulity.  Thus, for the reasons stated above, Count One is not facially insufficient, complies with Federal Rule of Criminal Procedure 7(c), and will not be dismissed.

*D. Surplusage*

Finally, the Defendant seeks to strike language in the Indictment that discusses Scotto's financial transactions as prejudicial surplusage.  I decline to do so.

Pursuant to Federal Rule of Civil Procedure 7(d), a court will "strike surplusage from the indictment or information" where the allegations are "not relevant to the crime charged and are inflammatory and prejudicial."  U.S. v. Hernandez, 85 F.3d 1023, 1030 (2d Cir. 1996) (internal citations and quotations omitted).  This is not the situation here.  The financial transactions contained in Count One of the Indictment are directly relevant to the tax evasion claim as they illustrate the method by which Scotto attempted to conceal his income and assets to avoid payment of taxes that were allegedly due and payable by him.  For this reason, none of the language complained of shall be stricken.

**D.     CONCLUSION**

For the reasons above, the pre-trial motion to dismiss Count One of the Indictment is denied. The trial will begin with jury selection on Monday, October 23, 2006 at 9:30 AM in Courtroom 23B.

**IT IS SO ORDERED.**

**New York, New York**
**August ___, 2006**

_____
U.S.D.J.

9